**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joao Cornelio,<br><br>               Plaintiff,<br><br>v.<br><br>Intel Corporation,<br><br>               Defendant. | No. CV 08-00538-PHX-JAT<br><br>**ORDER** |

Pending before the Court is *pro se* Plaintiff's Motion to Re-open Case (Doc. 47), Defendant's Motion to Strike Plaintiff's Additional Evidence in Support of Motion to Re-open Case (Doc. 51), Plaintiff's Motion on Progress to Re-open Case (Doc. 53), and Plaintiff's Motion to Introduce Evidence (Doc. 54). The Court denies the parties' motions for the following reasons.

**I.   BACKGROUND**

On July 10, 2009, the Court granted Defendant's motion for summary judgment and entered judgment in favor of Defendant and against Plaintiff. (Docs. 43 & 44). Over three years later, on October 18, 2012, Plaintiff filed the pending motion to re-open the case (Doc. 47). Defendant filed a response to Plaintiff's motion to re-open (Doc. 48) and Plaintiff filed a reply (Doc. 49). In addition, Plaintiff filed a supplement in support of his motion to re-open (Doc. 50). In response, Defendant filed a motion to strike Plaintiff's supplement (Doc. 51). Plaintiff then filed a subsequent response to Defendant's motion to strike (Doc. 52).

In March 2013, Plaintiff filed a motion for a status update on his motion to re-open the case (Doc. 53). Plaintiff then filed a motion to introduce evidence in support of his motion to re-open the case (Doc. 54). Accordingly, Defendant filed a response to Plaintiff's motion to introduce evidence (Doc. 55) and Plaintiff filed a reply (Doc. 56).

## II.   ANALYSIS

Plaintiff requests that the Court re-open this case pursuant to Federal Rule of Civil Procedure 60 because Plaintiff has recently discovered new evidence. (Doc. 47 at 1). Rule 60 allows a party to seek relief from a judgment or order. Subsection b provides six specific reasons for a party to move for relief under. While Plaintiff does not specify which subsection of Rule 60 he is moving under, the only applicable section is Rule 60(b)(2).

Rule 60(b)(2) provides for relief when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Under Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) *no more than a year* after the entry of judgment or order or the date of the proceeding." (emphasis added).

Plaintiff filed his motion to re-open the case over three years after the entry of judgment in this case. Plaintiff has offered no other reason for Court to re-open this case than newly discovered evidence. "[A] district court lacks jurisdiction to consider an untimely motion to vacate a judgment." *Burton v. Spokane Police Dep't*, 517 F. App'x 554, 555 (9th Cir. 2013) (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989)).

Accordingly, Plaintiff's motion is untimely, therefore, the Court lacks jurisdiction to consider it and the Court will deny the motion. Because the Court will deny Plaintiff's motion the remaining pending motions will also be denied as they are moot.

## III.   CONCLUSION

//

//

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Re-Open the Case (Doc. 47) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Supplement (Doc. 51) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Status (Doc. 53) is denied as moot.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Introduce Evidence (Doc. 54) is denied.

Dated this 17th day of September, 2013.

James A. Teilborg
Senior United States District Judge