WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joao Cornelio,<br><br>              Plaintiff,<br><br>v.<br><br>Intel Corporation,<br><br>              Defendant. | No. CV-08-00538-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Plaintiff Joao Cornelio's October 14, 2015, motion to set aside the judgment[1] pursuant to Federal Rule of Civil Procedure 60(b)(3). (Doc. 63). Plaintiff argues that the judgment entered "is based on a fraud perpetrated against this Court and [Plaintiff] by the Defendant Intel Corporation." (*Id.* at 1).

      The Court notes that this is not Plaintiff's first motion to set aside the judgment. On October 18, 2012, Plaintiff moved to set aside the judgment pursuant to Fed. R. Civ. P. 60(b)(2). (Doc. 48). The Court denied Plaintiff's motion, explaining that a Rule 60 motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding." (Doc. 58 at 2 (quoting Rule 60(c)(1))). Because Plaintiff "filed his motion . . . over three years after the entry of judgment in this case," the Court lacked "jurisdiction to consider [the motion]," and denied it accordingly (*Id.*).

      "[A] district court lacks jurisdiction to consider an untimely motion to vacate a judgment." *Burton v. Spokane Police Dep't*, 517 F. App'x 554, 555 (9th Cir. 2013)

---

[1] Judgment in this case was entered against Plaintiff on July 10, 2009. (Doc. 44).

1  (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989)). Plaintiff filed the
2  most recent motion to set aside the judgment well over six years after entry of judgment.
3  Plaintiff's motion is plainly untimely under the Federal Rules of Civil Procedure. The
4  Court lacks jurisdiction to consider the motion and must deny it.

5  Defendant, citing multiple instances of Plaintiff seeking untimely relief,
6  "respectfully requests that the Court issue an Order excusing it from the obligation to
7  respond to any post-judgment filings by . . . [P]laintiff unless the Court directs it to
8  respond." (Doc. 64 at 2). The Court concurs. Accordingly, Defendant is excused from
9  responding to any further post-judgment filings by Plaintiff unless directed to respond by
10 the Court. Lack of response by Defendant thus *will not* be read as non-compliance under
11 L.R.Civ.P. 7.2(i).

12 For the aforementioned reasons,

13 **IT IS ORDERED** that Plaintiff's motion to set aside the judgment, (Doc. 63), is
14 hereby **DENIED**.

15 **IT IS FURTHER ORDERED** that Defendant is excused from responding to any
16 further post-judgment filings by Plaintiff unless ordered to do so by the Court.

17 Dated this 3rd day of March, 2016.

James A. Teilborg
Senior United States District Judge